24CA1446 Peo v Gonzalez 04-23-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1446
City and County of Broomfield District Court No. 22CR126
Honorable Priscilla J. Loew, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Emilio Ramon Gonzalez,

Defendant-Appellant.

SENTENCE AFFIRMED

Division III
Opinion by JUDGE HARRIS
Dunn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 23, 2026

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Emma Berry, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Emilio Ramon Gonzalez, appeals his sentence in a criminal case. He contends that the district court violated his due process rights by basing its sentencing decision on insufficient and inaccurate evidence. We reject this contention and affirm the sentence.

## I.     Background

¶ 2     The People charged Gonzalez with three counts of sexual assault, two counts of child abuse, and one count each of unlawful sexual contact, menacing, and stalking. The charges stemmed from a series of incidents of domestic abuse between February 2021 and March 2022, against Gonzalez's ex-girlfriend with whom he shares children.

¶ 3     Under a plea agreement, Gonzalez pleaded guilty to one count each of first degree assault, child abuse, stalking, and attempted sexual assault. He acknowledged that first degree assault is a crime of violence and an extraordinary risk crime, for which an enhanced sentencing range of ten to thirty-two years applied. As part of the plea agreement, the parties stipulated to a prison sentence between sixteen and thirty-two years.

¶ 4    The district court sentenced Gonzalez to a controlling twenty-eight-year term in the custody of the Department of Corrections.

## II.    Discussion

¶ 5    Gonzalez contends that the district court based his sentence on "speculation" about his amenability to treatment and his criminal history.  Specifically, he claims that, in crafting his sentence, the court erroneously (1) assumed that he had previous opportunities to engage in domestic violence treatment and failed to do so and (2) relied on "presumed" prior instances of domestic violence.  Thus, he asserts that his sentence was based on "insufficient and potentially inaccurate information," in violation of due process.  We disagree.

### A.    Governing Law and Standard of Review

¶ 6    At the outset, we agree with the People that Gonzalez is not entitled to review of the propriety of his sentence because it fell within a range agreed upon by the parties.  *See* § 18-1-409(1), C.R.S. 2025.  However, he is entitled to review of "the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based."  *Id.*  Because his challenge falls in the latter category, we will review his claim.

¶ 7     The parties agree that sufficiency of the evidence claims at sentencing are reviewed de novo.  They likewise appear to agree that due process requires a court to base its sentence on sufficient and accurate evidence.  *See McCarty v. People*, 874 P.2d 394, 399 (Colo. 1994) (a defendant has a due process right to be sentenced based on accurate information).  The People, however, dispute preservation.  We need not address the appropriate standard of review or reversal because we conclude that, under any standard, Gonzalez's claim fails.

B.     Previous Opportunities for Domestic Violence Treatment

¶ 8     In imposing its sentence, the district court considered, among other things, the presentence investigation report (PSIR).  The court observed that Gonzalez had a prior adult misdemeanor conviction for violating a protection order and noted that he had multiple prior opportunities to engage in domestic violence treatment through that case.

¶ 9     Gonzalez asserts that the only information the court had about his prior adult conviction was (1) the fact of the conviction; (2) that he received probation; and (3) that probation was revoked, reinstated, and again revoked and terminated unsuccessfully.

From this information, he argues, the district court "specula[ted]" that he failed to take advantage of prior opportunities to receive domestic violence treatment.

¶ 10 But the PSIR states that Gonzalez was unsuccessful on probation in his prior case and "did not complete domestic violence counseling as ordered." Likewise, a defense-compiled mitigation report, referenced by defense counsel at sentencing and attached to the PSIR, indicates that Gonzalez was ordered, but failed, to complete a domestic violence evaluation in connection with this prior conviction. And in a psychosexual evaluation — also attached to the PSIR — Gonzalez admitted he was supposed to attend domestic violence treatment after his prior domestic violence conviction, but "only attended one session before quitting." Last, defense counsel acknowledged at sentencing that "domestic violence treatment would be beneficial," and defendant "had an opportunity and it did not work," but now he was ready.

¶ 11 Far from being speculative, the determination that Gonzalez had previous opportunities to engage in domestic violence treatment and failed to do so is amply supported by the record. And to the extent Gonzalez challenges the accuracy of this evidence,

4

we note that the defense was given the opportunity to correct any errors in the PSIR but did not claim this information was incorrect. *See People v. Henley*, 539 P.2d 496, 499 (Colo. App. 1975) (when the content of a presentence report is made known to the defendant's counsel and the defendant is given an adequate opportunity to refute the report, the trial court may consider the report even though it contains hearsay).

### C. History of Domestic Violence

¶ 12    Gonzalez also cursorily asserts that the district court erroneously assumed that he had committed additional crimes for which he was not charged or convicted when it observed, "It's not surprising to the Court that your criminal history is minimal because oftentimes there are not reports."  However, sentencing courts may consider not only a defendant's prior convictions, but also a defendant's past criminal behavior.  *People v. Newman*, 91 P.3d 369, 371-72 (Colo. 2004) ("Within the penalty ranges established by the legislature, the discretion of courts to choose particular sentences has historically been extremely broad, including consideration of not only the conduct with which the offender was expressly charged, but also his actual conduct in

committing the charged offense, his unrelated criminal conduct, and even aspects of his life that go beyond antisocial conduct."). And the record — including details in the PSIR and its attachments — supports a conclusion that Gonzalez had a history of violent conduct toward the victim, not all of which resulted in convictions. Thus, we perceive no error in the court's comment.

### III.   Disposition

¶ 13    The sentence is affirmed.

JUDGE DUNN and JUDGE MOULTRIE concur.